**UNITED STATES of America**

v.

**Irwin Wayne CLINE, Floyd Long, Floyd Long, Appellant.**

**No. 18000.**

United States Court of Appeals, Third Circuit.

Argued March 16, 1970.

Decided March 25, 1970.

A. Bryan Campbell, Weis & Weis, Pittsburgh, Pa., for appellant.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

Appellant Long was indicted with one Cline for interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. When the case was called for trial Cline pleaded guilty and testified against Long.

 Appellant's attack on the conviction is based on the claim that the government's proof did not establish that the prohibited interstate transportation occurred after the vehicle was stolen. He points out that the owner of the stolen automobile placed the theft in Ohio on Sunday afternoon, January 19, 1969, whereas the testimony of Cline fixed its transportation across states lines into Pennsylvania one day earlier. But Cline's testimony also placed the theft one day earlier than that given by the owners of the car. Moreover, the testimony of a Mrs. Jennings was that she saw Cline and Long with the car in Pennsylvania on the morning of Sunday,

January 19, 1969. There was other evidence connecting appellant with dominion and ownership of the automobile after January 19, 1969. The evidence therefore was sufficient to sustain appellant's conviction.

Appellant also urges that even though there is sufficient evidence to support a conviction, there can be no finding of guilt beyond a reasonable doubt if there is other evidence offered by the government which is contradictory to it. This is inadequate to upset the verdict. The jury had before it whatever conflict there may have been in the testimony, even that produced by the government. It found appellant guilty on the basis of evidence which amply supported its conclusion.

The judgment of the district court, therefore, will be affirmed.